JAMES E. GERINGER, OSB No. 951783
james.geringer@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301

Of Attorneys for Non Party

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,** a California Liability Company, and , **DALLAS BUYERS CLUB, LLC,** a Texas Limited Liability Company,<br><br>                                    Plaintiffs,<br><br>           v.<br><br>  **DOE-76.105.244.97**,<br><br>                                    Defendant. | Case No. 3:15-cv-00003-AC<br><br>**NON-PARTY'S RESPONSE TO PLAINTIFFS' SECOND MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA TO NON-PARTY** |

        Plaintiffs' motion is unnecessary, and to the extent it seeks to compel testimony it is

premature at best.  The non-party has not sought to avoid testifying.  Indeed, the non-party

**agreed** to be deposed, and agreed to a date, place and time for the deposition -- namely, on

Friday, March 20th, at undersigned counsel's office in Portland.  Everything was ready to

proceed, so far as the non-party knew, but rather than take the deposition at the agreed time,

plaintiffs instead withdrew their subpoena just a few days before it was to occur, and instead

filed this motion, alleging that the non-party will fail to respond to questions that plaintiffs have

so far failed to articulate.

        Plaintiffs flatly misrepresent the non-party's position.  In particular, plaintiffs falsely state

that "counsel for the [internet] subscriber [i.e., the non-party] has expressly stated that any

NON-PARTY'S RESPONSE TO PLAINTIFFS' SECOND
MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA TO NON-PARTY          1

inquiry into content observed associated with the subscriber's IP address in which plaintiffs do not have rights would not be allowed." (Dkt. 19 at 2). This is untrue. Counsel for the non-party said no such thing. Rather, when plaintiffs served an individual deposition notice with a broadly stated topic -- including, without limitation, "the use of and access to the Internet service" at a given street address – counsel for the non-party merely stated that the non-party objected to the purported topic as overbroad, and expressly reserved the non-party's rights, including privacy rights. At the same time, counsel for the nonparty cooperated in arranging a time and place for the deposition. That hardly justifies plaintiffs' decision to cancel the deposition and instead seek an advisory ruling on anticipated objections.

The non-party wishes to cooperate, but he does not wish to forfeit the rights and protections provided by the Federal Rules of Civil Procedure. This includes the right to object to questions (if asked) that seek to harass or embarrass, or that needlessly and unjustifiably seek to intrude on his privacy. (Embarrassing and harassing questions can easily be imagined here, because plaintiffs seek carte blanche to ask the non-party questions on his personal media viewing habits over an extended duration of time, not limited to the day in question or to the movie in which plaintiffs claim copyright ownership. Indeed, plaintiffs have told this Court that plaintiffs wish to ask questions based on a list of alleged downloads of other materials, while failing to mention that this list includes numerous apparently pornographic titles.)

The non-party did not move to quash the withdrawn subpoena, and would not move to quash the same subpoena if it were served today. To the contrary, the nonparty has offered to be deposed, and has even proposed dates in mid-April. The nonparty does not dispute that plaintiffs can ask any question that the Federal Rules of Civil Procedure permit. For example, plaintiffs can ask whether the non-party ever saw the "Dallas Buyers Club" movie in question, or if he

knows anyone who has.  Plaintiffs are likewise free to ask the non-party what, if anything, he knows anything about the alleged download of the "Dallas Buyers Club" movie as set forth in the complaint.  If asked, the non-party will also identify (within the limits the military imposes for operational security) the people he can recall having access to his the internet service at his home at and around the time in question.  There is no need for an additional Court order to permit this, as the Court has already allowed a Rule 45 deposition of the non-party to proceed. Indeed, the non-party would have answered all of these questions on March 20, if plaintiffs had not unilaterally withdrawn their subpoena in favor of their present motion.

Finally, it bears noting that the non-party is not accused of any wrong-doing in this case. Indeed, plaintiffs' counsel has personally assured the non-party that he is not a defendant in this matter.  (The nonparty retained counsel after plaintiffs' attorney repeatedly suggested he do so; Klarquist Sparkman, LLP has agreed to represent the non-party in this matter on a pro bono basis, in view of his military status.)  There is no basis on which to find that the non-party has forfeited any right of privacy or any of the protections that the Federal Rules of Civil Procedure and the Local Rules provide.

## CONCLUSION

Plaintiffs' motion fails to present a justiciable controversy, because they have failed to identify any failure by the nonparty to respond to any question permitted under the Rules. Plaintiffs' motion should be denied, which will do them no harm, as the Order entered as Docket No. 13 (granted March 18, 2015) already permits plaintiffs to subpoena the non-party's deposition under the Federal Rules of Civil Procedure.

Dated: April 3, 2015

_/s/ James E. Geringer_
James E. Geringer, OSB No. 951783
james.geringer@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301

Attorney for Non Party